```
                                           FILED
                                      2011 AUG 19  PM 3: 01
                                    CLERK US DISTRICT COURT
                                  SOUTHERN DISTRICT OF CALIFORNIA
                                  BY _____ DEPUTY
```

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>                                        Plaintiff,<br>vs.<br><br>PETER L. RHOADES and DOES 1–50, inclusive,<br><br>                                        Defendant. | CASE NO. 11-CV-1626 BEN (RBB)<br><br>**ORDER REMANDING ACTION TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>[Docket No. 3] |

Presently before the Court is Plaintiff's Ex Parte Application for Remand of Action to Superior Court. For the reasons set forth below, the Ex Parte Application is **GRANTED**. The Court **REMANDS** this action to the San Diego County Superior Court.

This action is an unlawful detainer action initially filed in San Diego County Superior Court, East County Division. The Complaint, filed September 7, 2010, alleges that Plaintiff is the owner of real property located at 1090 Valley View Drive, Julian, California 92036. (Compl. ¶ 4.) Plaintiff alleges it served Defendant with written notice to vacate the property, but Defendant failed to vacate the property and continues to fail to vacate the property. (*Id.* at ¶¶ 6–8.) Plaintiff seeks, among other things, possession of the property. (*Id.* at 2.) On July 22, 2011, Defendant removed the action to this Court. (Docket No. 1.) On August 2, 2011, Plaintiff filed the present Ex Parte Application for Remand of Action to Superior Court. (Docket No. 3.)

Congress has authorized a defendant to remove a civil action from state court to federal court.

28 U.S.C. § 1441. However, the removing party "always has the burden of establishing that removal was proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The district court must remand any case previously removed from a state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Moreover, there is a strong presumption against removal jurisdiction; doubts as to whether the federal court has subject matter jurisdiction must be resolved in favor of remand. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). A defense based on federal law is not sufficient to remove an action to federal court. *Berg v. Leason*, 32 F.3d 422, 426 (9th Cir. 1994) ( "[N]either an affirmative defense based on federal law . . . nor one based on federal preemption . . . renders an action brought in state court removable.").

This action is Defendant's second attempt to remove the underlying unlawful detainer action to this Court. Defendant previously removed the unlawful detainer action on April 11, 2011, in Case No. 11-cv-00736 BEN (MDD). In Case No. 11-cv-00736 BEN (MDD), the Court *sua sponte* remanded the case to state court because it found that it lacked subject matter jurisdiction. Specifically, the Court found that Plaintiff's claims did not arise under federal law, nor was there any evidence of diversity jurisdiction. In addition, the Court noted that Defendant's removal may have violated the thirty (30) day deadline for seeking removal under 28 U.S.C. § 1446.

In the present action, Defendant again attempts to remove the underlying unlawful detainer action to this Court. The Complaint attached to the Notice of Removal is a duplicate of the complaint attached to the notice of removal in Case No. 11-cv-00736 BEN (MDD). Defendant argues that "[t]he grounds for such removal is being based on claims 'arising under' FEDERAL LAW Namely, as to federal Jurisdiction resulting From the Moving party's Discovery Request and Demand for: 'THE ORIGINAL BLUE INKED PROMISORY NTE' [sic] and as to identity the statutory basis for the discovery request / demands and other claims." (Def. Notice of Removal, at 1–2.) Defendant, however, does not cite a federal statute that gives this Court subject matter jurisdiction under 28 U.S.C. § 1331. In addition, Defendant argues that there is complete diversity because "[f]rom the allegations set forth in the sate [sic] complaint, filed by the Responder, the current residences is that of the State

of California," and the amount in controversy exceeds $95,000. (*Id.* at 2.) To establish diversity jurisdiction, however, the parties must be residents of different states. *See* 28 U.S.C. 1332. Defendant has failed to establish that here. Furthermore, Defendant's removal violates the deadline for seeking removal. *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.").

This Court lacks subject matter jurisdiction. Accordingly, the Court **REMANDS** this action to the San Diego County Superior Court.

**IT IS SO ORDERED.**

DATED: August /9, 2011

HON. ROGER T. BENITEZ
United States District Court Judge